Clifford McAllister, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, February 8, 1979, to Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Abraham A. Hobson, III,* for petitioner.

*Betty F. Perry,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 1, 1979:

Petitioner, a resident of a skilled care nursing facility, appeals from a final order of the Department of Public Welfare (Department) which sustained the reclassification of petitioner's level of care under the Medical Assistance Program[1] from skilled to intermediate. We affirm.

Petitioner has been a resident of Rest Haven-Whitemarsh Nursing Center, a skilled care facility,

---

[1] Established pursuant to the Medicare Act, 42 U.S.C. §1396 et seq.

since 1973.  Following reviews of petitioner's medical records in 1974 and again in 1975, a State Medical Review Team determined petitioner qualified for intermediate rather than skilled nursing care; this determination was made final in February 1977.  This was confirmed by yet another redetermination on August 24, 1977.  Petitioner appealed the reclassification and a fair hearing was held on October 18, 1977 at which time petitioner, the Director of Nurses and the Assistant Administrator of the nursing center testified in his behalf.  The State Medical Review Team Physician and the Case Worker for the County Board of Assistance appeared on behalf of the Department. The Hearing Examiner found: that petitioner suffers from arteriosclerotic heart disease, chronic obstructive pulmonary disease and diabetes; that his prescribed medicines include medication for chronic gout, tranquilizers and ferris sulfate; that he is able to care for his daily personal needs and move about the center without assistance and is on a regular diet; and that he was last confined to his bed in January 1977 when he suffered an acute respiratory infection.  The officials of the nursing center testified petitioner was happy there and that his removal to another facility that would provide intermediate care might have a traumatic effect on his psychological and physical health. Petitioner testified that he considers the center his home.

Petitioner contends that in view of his chronic illnesses it was an error of law and an abuse of discretion for the Department to conclude that he did not qualify for skilled nursing care.  The difficulty with this argument is that the record does not show that the petitioner suffers from these diseases to the degree that would require the type of nursing care that is provided in a skilled nursing care facility.  *See* Medical Assistance Manual §9424.32.  The fact that

these illnesses may at some future time require such care does not justify providing a level of care for which a need has not presently been demonstrated. Moreover, meeting the current needs of patients was clearly the intendment of Congress in enacting the 1968 amendments to the Medicare Act. 42 U.S.C. §1396a(26).

Petitioner also contends that because he was unrepresented by counsel at the hearing, he was unable to prepare an adequate defense with regard to the traumatic effect of his transfer to an intermediate care facility. This argument is raised for the first time in petitioner's brief. It was not assigned as error in this appeal. No request has been made for a rehearing. Therefore, we will not consider that argument.

The petitioner's condition has been classified as needing only intermediate care by examinations in 1974, 1975 and 1977. Two officials of the nursing center who were familiar with petitioner's daily environment, one of whom we note was the Director of Nurses, provided evidence on the care he needs, including some aspects of his medical condition. Further, we are impressed by petitioner's own testimony that although he wished to remain at the center, "I am one of the not too many patients [there] who are completely, naturally competent. . . . I have determined that I will do everything I can for myself as long as I can." Given such evidence, we must conclude the Department did not abuse its discretion in accepting the recommendation of the Hearing Examiner.

Accordingly, we will enter the following

### Order

And Now, March 1, 1979, the order of the Department of Public Welfare dated November 7, 1977, denying the appeal of petitioner from a decision to re-

classify his level of care from skilled to intermediate, is hereby affirmed.